UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISRAEL ONTIVEROS,

    Plaintiff,

v.

WARDEN ELDRIDGE, et al.,

    Defendants.

No. 2: 19-cv-2445 KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are California Health Care Facility ("CHCF") Warden Eldridge and CHCF Correctional Officer Ma. Plaintiff alleges that on April 16, 2019, he was told to "bird bath" in his cell because the water was contaminated with legionnaire bacteria. Plaintiff alleges that April 16, 2019, is the day his side of the tier showered. Plaintiff alleges that he received a memorandum stating that anyone exposed to legionnaire bacteria should see a doctor right away. Plaintiff alleges that defendant Eldridge did not provide plaintiff with medical attention after he took his shower on April 16, 2019.

Plaintiff alleges that on April 19, 2019, plaintiff asked defendant Ma about the water conditions. Defendant Ma told plaintiff that there was nothing he (defendant Ma) could do, that it was orders from the warden not to shower and that inmates were supposed to bird bath in their cells. Plaintiff told defendant Ma that if plaintiff bird bathed in his cell, the hot water could get hot enough to create steam that carried legionnaire bacteria. Defendant Ma told plaintiff that if plaintiff got sick from bird bathing in his cell (with hot water), it would be plaintiff's fault. Defendant Ma told plaintiff to shower with cold sink water.

Plaintiff alleges that due to the contaminated water, he was unable to cook his canteen food or make hot coffee. Plaintiff alleges that "they did not start passing out bottled water till after 4/16/19 roughly 4 days after." Plaintiff also alleges, "As of 4/22/19 they put a water bottle of Crystal Geyser in our cell to drink, brush teeth, etc. For 6 days I have not showered, brushed my teeth or washed my face due to this contamination."

Turning to plaintiff's legal claims, plaintiff allege that his denial of access to showers violated the Eighth Amendment. Plaintiff does not clearly allege the number of days he was not allowed to shower. For this reason, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim for relief. However, the undersigned observes that there is no constitutional right to a certain number of showers per week and an occasional or temporary deprivation of a shower does not rise to the level of a constitutional violation. See, e.g.,

3

McFarland v. Kullojka, 2019 WL 937237, at *5 (W.D. Washington, Jan. 30, 2019) (finding that a prisoner's deprivation of showers for eight days is upsetting but is not "sufficiently serious to implicate Eighth Amendment concerns."); Hernandez v. Olmos, 2013 WL 5718566, at *3 (E.D. Cal. Oct. 18, 2013), report and recommendation adopted by 2013 WL 6230269 (E.D. Cal. Dec. 2, 2013) ("[S]hort term denials of showers is not the type of deprivation that rises to the level of an Eighth Amendment violation."); Centeno v. Wilson, 2011 WL 836747, at *3 (E.D. Cal. Mar. 4, 2011) (concluding denial of showers for a prisoner for seven days is "not so extreme as to violate contemporary standards of decency and rise to the level of a constitutional deprivation.").

For the reasons discussed above, plaintiff's claim that he was denied access to showers is dismissed with leave to amend.

Plaintiff alleges that he was not provided with medical care after taking a shower containing legionnaire bacteria. The Eighth Amendment is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Plaintiff does not allege that he suffered any harm as a result of not receiving medical attention after taking one shower in the contaminated water. Plaintiff does not allege, for example, that he contracted legionnaires disease. Because plaintiff fails to allege any harm, plaintiff's claim alleging inadequate medical care in violation of the Eighth Amendment is dismissed.

Plaintiff also alleges that defendant Eldridge's order that inmates bird bath in their cells

4

with cold water actually contaminated with legionnaire's bacteria violated the Eighth Amendment. Plaintiff alleges that bird bathing in the cold water may have exposed him to legionnaire bacteria. These allegations state a potentially colorable Eighth Amendment claim. See Nash v. Robinson, 2010 WL 4852199, at *6 (W.D. Wash. Nov. 1, 2010) (citing Helling v. McKinney, 509 U.S. 25 (1993)) (in proving that a deprivation of rights violated the Eighth Amendment, inmate must establish some degree of actual or potential injury and that society considers the conduct at issue to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to those acts).

Plaintiff may also be claiming that defendant Eldridge knowingly allowed plaintiff to take a shower in water contaminated by legionnaire bacteria on April 16, 2019, and other dates. However, the complaint does not clearly contain this claim. If plaintiff files an amended complaint containing this claim, he shall allege the dates on which defendant Eldridge knowingly allowed him to shower in water contaminated by legionnaire bacteria.

Plaintiff also appears to allege that his inability to prepare canteen food and hot coffee in his cell violated the Eighth Amendment. Plaintiff's inability to prepare canteen food and hot coffee in his cell does not state a potentially colorable Eighth Amendment claim. See Lemire v. Cal. Dept. of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (denial of the "minimal civilized measure of life's necessities" violates the Eighth Amendment).

Plaintiff also alleges that he was unable to brush his teeth because of the contaminated water in his cell. As discussed above, plaintiff alleges that "they did not start passing out bottled water till after 4/16/19 roughly 4 days after." Plaintiff also alleges, "As of 4/22/19 they put a water bottle of Crystal Geyser in our cell to drink, brush teeth, etc. For 6 days I have not showered, brushed my teeth or washed my face due to this contamination."

The allegations above suggest that plaintiff was denied access to clean drinking water in his cell from April 16, 2019, to either approximately April 20, 2019, or April 22, 2019, during which time he was unable to brush his teeth. Plaintiff's claim that he was denied access to clean drinking water in his cell and was unable to brush his teeth for either four or six days states a potentially colorable Eighth Amendment claim for relief against defendant Eldridge.

5

Plaintiff has pled no facts linking defendant Ma to his claim alleging denial of access to clean drinking water in his cell and the inability to brush his teeth. Plaintiff alleges that defendant Eldridge was responsible for the lack of clean drinking water rather than defendant Ma. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Accordingly, plaintiff's claim that defendant Ma denied plaintiff access to clean drinking

water and the ability to brush his teeth is dismissed because plaintiff has not linked defendant Ma to the alleged deprivation.

Plaintiff may either proceed with his potentially colorable Eighth Amendment claims against defendant Eldridge based on the alleged denial of clean drinking water in his cell and the ability to brush his teeth and the order that inmates bird bath in their cells with water contaminated by legionnaire bacteria, or he may file an amended complaint. If plaintiff elects to attempt to amend his complaint, he has sixty days in which to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Eldridge with his potentially colorable Eighth Amendment claims, he shall return the attached notice within thirty days. Following receipt of that notice, the court will order service of defendant Eldridge.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or

occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

An amended complaint must be complete in itself without reference to any prior pleading.

Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All claims but for the Eighth Amendment claims against defendant Eldridge alleging denial of access to clean drinking water and the ability to brush teeth and that he directed inmates to bird bath in their cells with water contaminated with legionnaire bacteria are dismissed with leave to amend. Within **sixty** days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state cognizable Eighth Amendment claims against defendant Eldridge. See 28 U.S.C. § 1915A. If plaintiff opts to proceed on his original complaint as to defendant Eldridge, he shall return the attached notice within **thirty** days of service of this order.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 13, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ont2445.14(new)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL ONTIVEROS, | No 2:19-cv-2445 KJN P |
| Plaintiff, | |
| v. | |
| WARDEN ELDRIDGE, et al., | |
| Defendants. | NOTICE |

\_\_\_\_\_ Plaintiff opts to proceed with the original complaint as to his claims alleging that defendant Eldridge violated the Eighth Amendment by denying plaintiff access to clean drinking water in his cell and the ability to brush his teeth and by ordering plaintiff to bird bath in his cell with water contaminated with legionnaire bacteria. Plaintiff consents to the dismissal of all other claims and defendants without prejudice. \_\_\_\_\_

OR

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
Plaintiff

10